IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ubong Christopher Ubokudom,<br><br>Plaintiff,<br><br>v.<br><br>Dolgen Corp; Dollar General Corporation,<br><br>Defendants. | C/A No. 3:25-3120-JFA-PJG<br><br><br>**MEMORANDUM OPINION AND ORDER** |

## I.    INTRODUCTION

Plaintiff, Ubong Christopher Ubokudom, ("Plaintiff") proceeding *pro se*, filed this diversity products liability action alleging Defendants sold him a tainted pizza. This action was initiated in state court and was thereafter removed to federal court by Defendants. (*See* ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

In state court, Plaintiff filed a complaint, an amended complaint, and a second amended complaint. (*See* ECF No. 1-1 at 1-16). Defendants removed the second amended complaint to this Court and then promptly moved for judgment on the pleadings based on Plaintiff's failure to comply with the federal pleading standard. (ECF Nos. 1 & 13). The Magistrate Judge afforded the Plaintiff another opportunity to amend his complaint once in federal court to comply with the federal standards. (ECF No. 14). Accordingly, the operative pleading addressed by the Magistrate Judge is Plaintiff's Third Amended Complaint. (ECF No. 21).

The Magistrate Judge reviewed the Third Amended Complaint and prepared a thorough Report and Recommendation ("Report"). (ECF No. 65). The Report opines Defendants' Motion for Judgment on the Pleadings, (ECF No. 36), should be granted, and Plaintiff's Motion for a Temporary Restraining Order, (ECF No. 33), should be denied. The Report additionally denies Plaintiff's Second Motion to Amend the Third Amended Complaint. (ECF No. 59). The Report further recommends the parties' discovery motions be terminated as moot. Plaintiff filed objections to the Report, (ECF No. 71), to which Defendants filed a Reply. (ECF No. 74). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court

may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.   DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report and therefore a full recitation is unnecessary here. (ECF No. 65). In short, Plaintiff

3

alleges Defendants sold him a tainted pizza and therefore violated S.C. Code Ann. § 15-73-10. (ECF No. 21). This section provides that "[o]ne who sells any product in a defective condition unreasonably dangerous to the user or consumer … is subject to liability for physical harm caused to the ultimate user or consumer." S.C. Code Ann. § 15-73-10. In pursuing such an action, a plaintiff "must establish three elements: (1) he was injured by the product; (2) the injury occurred because the product was in a defective condition, unreasonably dangerous to the user; and (3) the product, at the time of the accident, was in essentially the same condition as when it left the hands of the defendant." *Rife v. Hitachi Const. Mach. Co.*, 363 S.C. 209, 215, 609 S.E.2d 565, 568 (Ct. App. 2005) (citation omitted).

The Report recommends granting Defendants' Motion for Judgment on the Pleadings because Plaintiff fails to plead these required elements in a manner sufficient to satisfy the federal pleading standards. *See* Fed. R. Civ. P. 8, (ECF No. 65, pgs. 4-5). Additionally, the Magistrate Judge recommends denying Plaintiff's Motion for a Temporary Restraining Order because Plaintiff's allegations in his complaint fail to give rise to a plausible claim against Defendants. *Id.* at 5-6.

Plaintiff's objections do not appear to lodge one specific objection to any portion of the Report. However, upon a generous review of Plaintiff's arguments and the litany of filings by Plaintiff to this Court since the issuance of the Report, (ECF Nos. 72, 73, 76 & 77), it is evident Plaintiff wishes to again amend his complaint. Further, Plaintiff reinstates his contention that Defendants' Motion for Judgment on the Pleadings should be denied. (ECF No. 71). In his objections, Plaintiff expresses an intention to amend his complaint so

4

he can add his daughter as a co-plaintiff. *Id.* at 1, *see also* (ECF Nos. 72, 76 & 77). Further, in what seems to be an attempt to prove the items Plaintiff purchased from Defendants were defective, Plaintiff refers to other corporations that have faced similar allegations.[1] (ECF No. 71, pgs. 3-7). Additionally, among other attachments, Plaintiff attaches to his objections an affidavit of Plaintiff, and the audio transcript of an apparent phone conversation between Plaintiff and his daughter.

This Court has reviewed Plaintiff's objections, the attachments to these objections, and the subsequent filings.[2] Plaintiff's objections provide no reason for this Court to disagree with the Report's recommendation. As stated in the Report, Plaintiff "vaguely alleges that he purchased an 'adulterated' DiGiorno pizza from Dollar General and became ill after consuming it." (ECF No. 65, p. 4). Plaintiff refers to the pizza as "toxic" and "adulterated" but fails to plead how the pizza was in fact "toxic" or "adulterated" and how

---

[1] Plaintiff's recitation of other companies that faced products liability actions spans several pages. The incidents cited range from Civil Rights Violations by Cracker Barrel in 2004, a recent incident where High Noon Products were incorrectly packaged, statements by Attorney General Rob Bonta regarding "Johnson & Johnson," and an Indonesian firm that supplies shrimp to stores in the United States. These incidents appear to have no connection to the present controversy.

[2] This Court reviewed Plaintiff's two successive Motions to Amend/Correct his Complaint filed after the issuance of the Report. (ECF Nos. 72 & 77). Even if these motions were not rendered moot by this Court's adoption of the Report, and the untimeliness of these motions was disregarded, granting either motion would not cure the deficiencies in Plaintiff's Complaint. Plaintiff still fails to allege facts sufficient to give rise to a plausible claim against Defendants as to how the item sold to Plaintiff was in fact "toxic" or "adulterated." Rather, Plaintiff's Proposed Amended Complaint (ECF No. 77-2) attempts to allege that Defendants sold their "defective" product to Plaintiff and his daughter because of their race. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citation omitted).

it caused the alleged illness. (ECF No. 21). Plaintiff's affidavit where he discusses a timeline of the food consumed by himself and his daughter from many different stores, and similarly the audio-recording of his conversation with his daughter fails to remedy this issue. Further, Plaintiff's recent allegation: "After more careful reflection about the case the plaintiff recognized that discrimination was the main source behind the misconduct that he received from the defendant …" is similarly not supported by any facts sufficient to give rise to a plausible claim against Defendants.

Accordingly, because Plaintiff fails to sufficiently plead the statutory elements of his claim, this Court agrees that Defendants' Motion for Judgment on the Pleadings should be granted, and Plaintiff's Temporary Restraining Order, enjoining Defendants from intentionally selling toxic foods, drinks, and other products, should be denied. (ECF Nos. 36 & 33).

### IV. CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 65). For the reasons discussed above and in the Report, Defendants' Motion for Judgment on the Pleadings (ECF No. 36) is granted, and Plaintiff's Motion for a Temporary Restraining Order (ECF No. 33) is denied.

Consequently, the parties' pending discovery motions (ECF Nos. 26, 34, 46, & 50) are terminated as moot. Further, Plaintiff's two successive Motions to Amend/Correct his

Complaint filed after the issuance of the Report are dismissed as moot. (ECF Nos. 72 & 77). Accordingly, this matter is dismissed without prejudice.

IT IS SO ORDERED.

December 16, 2025  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge